Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082   Document 1-1   Filed 02/15/21   Page 1 of 22 PageID #: 4

**State of Rhode Island**                                    **Washington, SC**

**Mark Traghella and Jodi Traghella, as individuals and**
**Mark Traghella and Jodi Traghella as Parents and**
**Next Friends of John Doe, Alias, a Minor, and**
**John Doe, Alias, a Minor**
                    **Plaintiffs**

**v.**                                                    **C.A. NO.**

**North Kingstown School Department;**
**Council on Elementary and Secondary Education;**
**Angelica Infante-Green, an individual in her capacity as**
**Commissioner for the Council on Elementary and Secondary Education;**
**Ocean State Transit, LLC; &**
**First Student, Inc.**
                    **Defendants**

## SECOND AMENDED COMPLAINT

### INTRODUCTORY STATEMENT

The action is commenced by **Mark Traghella and Jodi Traghella, as individuals and**

**Mark Traghella and Jodi Traghella as Parents and Next Friends of John Doe, Alias,**

**a Minor, and John Doe, Alias, a Minor** against **North Kingstown School**

**Department; Council on Elementary and Secondary Education; Angelica Infante-**

**Green, an individual in her capacity as Commissioner for the Council on**

**Elementary and Secondary Education; Ocean State Transit, LLC; & First Student,**

**Inc.** (hereinafter "Defendants") in order to remedy or seek relief for the Defendants'

unlawful conduct.

### JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to R.I.G.L. 8-2-13; and 8-2-14, and

other pertinent statutes.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082   Document 1-1   Filed 02/15/21   Page 2 of 22 PageID #: 5

2

2.   Venue is proper in the district pursuant to <u>inter alia</u>, R.I.G.L. 9-4-4.

3.   With respect to the allegations contained herein:

a.   The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b.   all records relevant to the alleged unlawful conduct are maintained and administered in the Town of North Kingstown, State of Rhode Island.

## THE PARTIES

6.   The Plaintiffs are individuals and residents of the Town of North Kingstown, State of Rhode Island.

7.   The Defendant North Kingstown School Department ("North Kingstown") provides educational services for residents of the Town of North Kingstown.  Created in 2014, the Council on Post-Secondary Education and The Defendant State of Rhode Island Council on Elementary and Secondary Education comprise the Board of Education.  The Rhode Island Department of Education Statewide Student Transportation System ("Statewide") is an office within the Rhode Island Department of Education ("RIDE"). Defendant Angelica Infante-Green, is an individual and serves as the Commissioner of Elementary and Secondary Education and Chief Administrative Officer of the Council on Elementary and Secondary Education. Defendant Ocean State Transit, LLC ("Ocean State") is a domestic limited liability company with a principal office located at 117 Metro Center Boulevard, Suite 2001, Warwick, RI 02886.  Ocean State maintained a contract with the Defendant Council on the date of Plaintiff Doe's original

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082   Document 1-1   Filed 02/15/21   Page 3 of 22 PageID #: 6

3

injury.  Defendant First Student, Inc. ("First Student") is a foreign corporation with a principal office located at 600 Vine Street, Suite 1400, Cincinnati,  OH, 45202 and maintained a contract with Defendant Council during the dates of subsequent injury(ies). On information and belief, in June 2020, contracts with both Ocean State and First Student expired.  The Ocean State Contract was not renewed, at which time, Defendant Council and Defendant First Student, Inc. entered into a contract for busing which was in effect at the time of the filing of the instant action.  The Defendants are sufficiently joined regarding this matter to be held jointly and severally liable for any and all damages.

8.     At all times material to the allegations of the Complaint, the Defendants each have continuously, and do now, employ at least 50 or more employees in the State of Rhode Island.  At all times pertinent to this Complaint, individuals working for the Defendants were each a person acting in furtherance of the interest of, and on behalf of, and as agents for the Defendants, with respect to all allegations in this Complaint and their actions are imputed to the Defendants. At all times, these individual employees acted as agents of the Defendants, administering the inadequate policies and procedures of the Defendants.

### FACTS APPLICABLE TO EACH COUNT

9.     Plaintiff John Doe was 12 and 13 years old on the date(s) of the respective incident(s) cited in this Complaint.

10.     Plaintiff John Doe's date of birth is 9/26/2007.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082   Document 1-1   Filed 02/15/21   Page 4 of 22 PageID #: 7

4

11.      Plaintiffs Mark and Jodi Traghella are the parents and legal guardians of

Plaintiff Doe.

12.      Plaintiff Doe is a 6th Grade student at the Sargent Rehabilitation Center in

Warwick, Rhode Island.

13.      Plaintiffs allege that Defendants violated the Individuals with Disabilities

Act (IDEA), among other statutes and common laws.

14.      Specifically, Plaintiffs allege that Plaintiff Doe's IEP was not followed

when transportation and supervision goals were not implemented, resulting in serious

injury(ies) to Plaintiff Doe on or about December 2, 2019 and subsequent dates.

15.      Plaintiff Doe suffers from several physical and emotional disabilities

including but not limited to Autism, ADHD and anxiety.  He is *non-verbal* and uses a

communication device.

16.      Defendant North Kingstown utilizes Statewide Transportation, a RIDE

program, to transport all resident students, including Plaintiff Doe, attending out of

district placements. RIDE is a department of the Defendant Council on Elementary and

Secondary Education, and Statewide is an office within RIDE.  Defendant North

Kingstown maintained a contract with Ocean State Transit, LLC to bus students.  This

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082   Document 1-1   Filed 02/15/21   Page 5 of 22 PageID #: 8

5

contract was effective on December 2, 2019, the date when Plaintiff Doe sustained his first injury.

17.     The Transportation Application Form for Plaintiff Doe submitted to Statewide on 7/29/19 for the Session Special Education Fall 2019-2020 by Defendant North Kingstown states that Plaintiff Doe is a "Flight Risk." Plaintiff Doe's parents, Plaintiffs Mark and Jodi Traghella also put the Defendants on notice of Plaintiff Does limitations and that he required supervision at all times.

18.     An IEP team meeting was also held on November 5, 2019 to review Plaintiff Doe's IEP.  This meeting included the following directive on Plaintiff Doe's IEP, *inter alia*:

"Close supervision at all time due to poor safety awareness, difficulty with behavioral regulation and need for assistance with all daily living skills"

19.     On December 2, 2019, Plaintiff Doe attended school and was transported home on the bus operated by Defendant Ocean State.

20.     Plaintiff Doe was on the bus unsupervised and proceeded to flee the bus. The likelihood of Plaintiff leaving the bus on his own was a possibility about which Defendant Ocean State, Defendant North Kingstown and the other pertinent had specific notice of according to his IEP and Plaintiff Doe's caregivers.  Plaintiff Doe was found by the bus driver and/or aid sitting outside the bus with his shoes off.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

6

21.     Plaintiff Doe was returned home in wet clothes to Plaintiffs Mark and Jodi

Traghella.  The bus aide for Defendant Ocean State explained to the Traghellas that

Plaintiff Doe had an "accident" on a previous stop while bus personnel were assisting a

child in a wheelchair off the bus.

22.     The Traghellas were informed that Plaintiff Doe got out of his seat with

his shoes off and exited the bus, going down the stairs at the bottom step [pushing the

door open and attempting to leave the bus---- but seeming to fall to the ground at the

steps.  Plaintiff Doe remained on the ground, wet due to rain, until the driver and aide

returned to the front of the bus to realize he was not in his seat and noticed him on the

outside ground.  At that time, they moved him back onto the bus.   The bus aide

attempted to put John Doe's shoes back on.

23.     No medical treatment was called to assist Plaintiff Doe by the bus driver

or bus aide and the Traghellas were not notified of the accident.  The Traghellas were

only notified of the incident when Plaintiff Doe was dropped at home on the regular bus

route.

24.     Upon learning of the incident, Plaintiffs Mark and Jodi Traghella brought

Plaintiff Doe for immediate medical treatment.  Plaintiff Doe was diagnosed with a

broken foot and as having suffered serious and severe physical and emotional injuries due

to this incident.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

25.      Provision of Transportation is a related service that, per Plaintiff Doe's IEP, helps him benefit from special education (Council Regulation §6.4 (CC)).

26.      As stated above, in arranging for said transportation, Defendant North Kingstown indicated on Statewide's application form that Plaintiff Doe was a "Flight Risk."

27.      The comment "Flight Risk" clearly conveys the message that Plaintiff Doe requires "close supervision" – a term also used in his IEP.

28.      Adequate supervision of Plaintiff Doe did not occur on his bus ride home on December 2, 2019 as he was able to leave his seat and exit the bus without being noticed by the driver or the monitor.

29.      Plaintiff Doe's risk of flight materialized into circumstances which allowed his flight to result in serious, palpable and permanent injury.

30.      Plaintiff Doe's transportation on the afternoon of December 2,  2019 did not comply with the related service provided in his IEP.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

31.      On December 12, 2019, Plaintiffs Mark and Jodi Traghella filed a written

complaint regarding the above cited incident to the RI Department of Education.


32.      On January 15, 2020, the RI Department of Elementary and Secondary

Education held that the town of North Kingstown was  in compliance with regard to the

allegations cited in the Complaint and Statewide was found to be in non-compliance .


33.      It was held that Transportation is a "related service" that, per John Doe's

IEP, helps him benefit from special education. In arranging for that transportation, North

Kingstown indicated on Statewide's application form that John Doe is  a "Flight Risk."

Adequate supervision of Plaintiff Doe did not occur on his bus ride home of December 2,

2019 as he was able to leave his seat and exit the bus without being noticed by the aide,

assigned to him, the driver  or the monitor.  His risk of flight materialized in

circumstances which allowed his flight to result in serious injury.


34.       Subsequent to the Plaintiffs' report of this incident to the RI Department

of Education, and the formal finding that Statewide was not in compliance, the Plaintiffs

have suffered retaliation by the Defendants.


35.      On information and belief, Defendant Ocean State's busing contract with

Defendant Council was not renewed.  A new contract was formed for busing between

Defendant Council and Defendant First Student.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082   Document 1-1   Filed 02/15/21   Page 9 of 22 PageID #: 12

9

36.     The Plaintiffs have been retaliated against in terms of interruption, interference and obstruction of the transportation services of Plaintiff Doe.  Such interruption has included but is not limited to Defendant First Student's repeated failure to pick up Plaintiff Doe; failure to bring Plaintiff Doe home; failure to properly supervise him; causing him to sustain additional injury, including a cut to his hand when, unsupervised, he touched a fan on the bus, coming into contact with metal blades. Representatives of Defendant First Student ceased having meaningful contact with Plaintiffs and ceased reasonable efforts to communicate with and oversee the safety and well-being of Plaintiff Doe.

37.     Plaintiff Doe has sustained serious and severe physical and emotional injuries from the above referenced incident(s) and the retaliatory conduct that has subsequently followed.  Due to the injury sustained on December 2, 2019, he was precluded from using necessary sensory devices critical to his well-being.  He has been unable to self-regulate, ambulate stairs, engage in self-care and was delayed in pursuing many of his academic, physical and other health goals.  Moreover, his injury(ies) and treatment by the Defendants caused him extreme stress, anxiety, physical and emotional pain.  Plaintiffs Mark and Jodi Traghella have sustained serious derivative emotional and physical injuries stemming from this incident and economic burden from the retaliatory conduct that has followed.

38.     Defendants failed to exercise a standard of reasonable care and breached its duty to protect the health, well-being and safety of the Plaintiff Doe and engaged in

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

retaliatory treatment as described above.  The injuries sustained by Plaintiff Doe were proximately caused by the Defendants' breach of their duty and abject negligence.

39.        Plaintiffs have  sustained actual and mental injuries of an egregious nature.

40.        But for Defendants' negligent conduct in this matter, Plaintiffs would not have been subject to physical assault or experienced the resulting emotional and physical effects.

41.        The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures; and/or acted negligently causing injury to the Plaintiffs.  Plaintiffs experienced and continues to experience injuries stemming from the incidents cited in this Complaint.

42.        The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, wanton and/or intentional unlawful treatment against the Plaintiff.  Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiffs.

43.        The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in willful and wanton disregard of Plaintiffs, and have caused the Plaintiffs humiliation, embarrassment, emotional and physical harm, and other damages.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:55 AM
Envelope: 2920425
Reviewer: Brittany M.

COUNT I
NEGLIGENCE
As to all Defendants

44.     The allegations contained in Paragraphs 1-41 above are incorporated herein by reference in their entirety.

45.     Defendants knew or should have known that improperly supervising Plaintiff Doe, among other negligent conduct, could put Plaintiff's emotional and physical well-being and safety at risk.

46.     Defendants owed a duty of care to Plaintiff Doe.  Defendant had a duty to take reasonable steps to protect Plaintiff's well-being and had either actual or constructive knowledge and notice that he could be put at risk.

47.     Defendants breached this duty.

48.     As a direct result of this breach, the Plaintiffs have suffered gross physical and emotional injuries.

WHEREFORE, Plaintiffs pray that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:55 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082   Document 1-1   Filed 02/15/21   Page 12 of 22 PageID #: 15

12

COUNT II
INTENTIONAL MISCONDUCT
As to All Defendants

49.     The allegations contained in Paragraphs 1-48 above are incorporated herein by reference in their entirety.

50.     Defendants owed a duty of care to the Plaintiffs.

51.     Defendants intentionally breached their duty of care, and willfully, intentionally and recklessly disregarded the rights of the Plaintiffs.

52.     As a direct and proximate result, Plaintiff has suffered and will continue to suffer gross physical and emotional injuries.

WHEREFORE, Plaintiffs pray that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

COUNT III
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
As to All Defendants

53.     Paragraphs 1-48 above are incorporated herein by reference in their entirety.

54.     The Defendants' actions were undertaken in a reckless manner, or intentionally for the purpose of causing, and had the reasonably anticipated effect of causing, the

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082   Document 1-1   Filed 02/15/21   Page 13 of 22 PageID #: 16

13

Plaintiffs to suffer extreme and severe emotional and physical distress, which injuries have been and will continue to be accompanied by a variety of emotional and physiological manifestations.

55.     As a direct, proximate, foreseeable and/or intended result of the Defendants' wrongful, wanton, and intentional actions, the Plaintiffs endured suffering of mind and body, and have suffered, and will continue to suffer, severe and extreme physical and emotional distress, with resulting physical and emotional manifestations, and have suffered and will continue to suffer irreparable harm.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION
### As to All Defendants

56.     Paragraphs 1-48 above, are incorporated herein, by reference, in their entirety.

57.     Defendants owed a duty of care and responsibility to the Plaintiffs, regarding its agents, supervisors, managers.  Said duty required the Defendants to:

a. properly train its agents, supervisors, and managers, regarding appropriate policies and procedures regarding proper supervision of its students, including Plaintiff Doe;

b. exercise reasonable supervision and monitoring of the conduct of said individual(s) responsible for the supervision of all students.

58.     The Defendants acted as an unfit and unsuitable employer, in the manner in which they trained and supervised their agents, supervisors, managers.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:55 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082    Document 1-1    Filed 02/15/21    Page 14 of 22 PageID #: 17

14

59.     The Defendants breached the duty of care owed to the Plaintiffs to exercise

the skills, ability, and care customarily exercised by employers in similar circumstances,

in the hiring, training, supervision, and monitoring of the reasonable performance of their

agents, supervisors, and managers, especially with respect to their duty to maintain a safe

environment.

60.     As the direct, foreseeable, and intended result of the Defendants' tortious

conduct, the Plaintiffs have suffered serious emotional and physical harm and other

damages now and in the future, including severe emotional distress with resulting severe

physical and emotional manifestations, as well as those damages for which there is no

adequate remedy at law.

WHEREFORE, Plaintiffs pray that judgment be entered herein against

Defendants, jointly and severally, and in favor of the Plaintiffs for all damages and

equitable relief available, as hereinafter requested.

## COUNT V
### INDIVIDUALS WITH DISABILTIES EDUCATION ACT
#### 20 U.S.C. §1400 (2004)
##### As To All Defendants

61.     Paragraphs 1-48 above, are incorporated herein, by reference, in their
entirety.

62.     Plaintiff Doe is entitled to adequate support for his special needs under the

Act, including the elements of his specific IEP (Individualized Education Plan)

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:55 AM
Envelope: 2920425
Reviewer: Brittany M.

63.     Plaintiff Doe is a student with a diagnosis of autism and a student with and IEP.

64.     Transportation is a related service that, per Plaintiff Doe's IEP, helps his benefits from special education (Council Regulation §6.4 (CC)).  In arranging for said transportation, Defendant North Kingstown indicated that Plaintiff Doe was a "Flight Risk."

65.     The comment "Flight Risk" clearly conveys the message that Plaintiff Doe requires "close supervision" – a term also used in his IEP.

66.     Adequate supervision of Plaintiff Doe did not occur on his bus ride home on December 2, 2019 as he was able to leave his seat and exit the bus without being noticed by the driver or the monitor.

67.     Plaintiff Doe's risk of flight materialized in circumstances which allowed his flight to result in serious and palpable injury.

68.     Plaintiff Doe's transportation on the afternoon of December 2,  2019 and during subsequent rides, did not comply with the related service provided in his IEP in violation of the afore-referenced statute.

## COUNT VI
### RHODE ISLAND BOARD OF EDUCATION REGULATIONS GOVERNING THE EDUCATION OF CHILDREN WITH DISABILITIES
### 200-RICHR-20-30-6
### As to all Defendants

69.     Paragraphs 1-48 above, are incorporated herein, by reference, in their entirety.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

70.     Plaintiff Doe is a child with a disability as the term is defined within the Act Section 6.4 E (3), as he has autism.

71.     Plaintiff Doe is entitled to free appropriate public education pursuant to Section 6.4 M of the Act.

72.     Local Governmental Agency(ies) must provide free appropriate public education in accordance with 34 CFR §3000.101.

73.     Plaintiff Doe is entitled to transportation pursuant to Section 6.10.3 of the Act.

74.     Defendants violated Sections 6.4 (M); 6.5.1(A) and 6.10.3 and other pertinent provisions be their unlawful conduct cited above.

## COUNT VII
## THE RI WHISTLEBLOWERS' PROTECTION ACT
## TITLE 28
## SECTION 28-50-1
## As to All Defendants

75.     The allegation in paragraphs 1-48, above, are incorporated herein by reference, in their entirety.

76.      The Defendants' conduct described above was motivated by an intent to retaliate against the Plaintiffs because, *inter alia*, they reported conduct which they knew or reasonably believed to be a violation of their rights under federal and/or state law, or represent an existing or imminent violation of state or federal law.

77.     But for the Defendants' intent to retaliate against the Plaintiffs because of

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:55 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082   Document 1-1   Filed 02/15/21   Page 17 of 22 PageID #: 20

17

the conduct referenced in the previous paragraph, Defendants would not have retaliated against the Plaintiffs.

78.     Defendants' conduct is in violation of the RI Whistleblowers' Act, RIGL section 28-50-01 *et seq.*

79.     As a result of Defendants' unlawful conduct, Plaintiffs have suffered severe distress, with resulting physical and/or emotional injuries, humiliation, attorney's fees, and other damages.

WHEREFORE, Plaintiffs pray that judgment be entered herein against the Defendants, jointly and severally and in favor of Plaintiffs for all damages and equitable relief available, as hereinafter requested.

COUNT VIII
RHODE ISLAND CIVIL RIGHTS ACT OF 1990
R.I.G.L. SECTION 42-112-1
As to All Defendants

79.     The allegations contained in Paragraphs 1-48 above are incorporated herein by reference in their entirety.

80.     The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

Case 1:21-cv-00082   Document 1-1   Filed 02/15/21   Page 18 of 22 PageID #: 21

18

a.  interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination based on disability;

b.  treating Plaintiff in a hostile, demeaning, and otherwise unlawful manner based on his disability;

c.  causing Plaintiff humiliation, emotional and physical distress and harm because of his disability.

81.     The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's disability. Such practices include, but are not limited to, the Defendants:

a)      discriminating against the Plaintiff because of his gender; disability;

b)      subjecting Plaintiff to discriminatory conduct;

c)      retaliating against Plaintiff.

82.     But for the Defendants' intent to discriminate against Plaintiff based on his disability, Defendants would not have subjected him to discriminatory conduct.  The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff because of Plaintiff's disability.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

COUNT IX
Civil Rights of People with Disabilities Act
R.I.G. L. 42-87-1 *et seq*
As To All Defendants

83.     The allegations contained in Paragraphs 1-48 above are incorporated herein by reference in their entirety

84.     The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Civil Rights of People with Disabilities Act, R.I.G.L. 42-87-1 et seq., by:

85.     Defendants denied Plaintiff Doe the benefit of a program, activity or service by an entity, receiving financial service from, or doing business from the State.

86.     Defendants interfered with Plaintiff Doe's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination based on disability;

87.     Defendants treated Plaintiff Doe in a hostile, demeaning, and otherwise unlawful manner based on Plaintiff Doe's disability; causing him humiliation, emotional and physical distress and harm because of Plaintiff Doe's disability.

88.     The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff Doe's disability. Such practices include, but are not limited to, the Defendants:

        a)      discriminating against the Plaintiff Doe because of Plaintiff Doe's disability;

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

b)      subjecting Plaintiff Doe to discriminatory conduct;

c)      retaliating against Plaintiff Doe;

d)       and denying Plaintiff Doe the equal benefit and protection of state and federal laws intended to prevent discrimination based on disability.

89.     But for the Defendants' intent to discriminate against Plaintiff Doe based on his disability, Defendants would not have subjected them to discriminatory conduct. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff Doe because of Plaintiff Doe's disability.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiffs for all damages and equitable relief available, including, but not limited to:

b.) an order that the Defendants make whole the Plaintiffs with appropriate compensation for emotional and physical distress, loss of consortium, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their conduct;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses, including but not limited to any costs incurred for medical treatment and/or counseling and compensation for the damages done both physically and emotionally in amounts to be determined at trial;

d.) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering,

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:55 AM
Envelope: 2920425
Reviewer: Brittany M.

humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to pertinent statutes;

e.) grant attorney's fees and the costs of the action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date the cause of action accrued, pursuant to R.I.G.L. Section 9-21-10;

h.) Order Defendants to comport with the requirements of all laws and statutes pertinent to protect the health, safety, and equal right to education due Plaintiff Doe;

i.) grant such further relief as the court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands trial by jury of all issues pertinent to the causes in the Complaint triable as of right by jury.

Case Number: WC-2020-0513
Filed in Washington County Superior Court
Submitted: 1/19/2021 9:56 AM
Envelope: 2920425
Reviewer: Brittany M.

Respectfully Submitted,
By Their Attorney,
Mark Traghella and Jodi Traghella, as individuals and

Mark Traghella and Jodi Traghella as Parents and
Next Friends of John Doe, Alias, a Minor and
John Doe, Alias, a Minor

*/s/ Stephen T. Fanning*

_____
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)